UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO.: 4:23-CV-10005-RKA

GERALD FLETCHER,

    Plaintiff,

v.

UNITED GROUND EXPRESS, INC.,
a Foreign Profit Corporation,

    Defendant,
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, GERALD FLETCHER, ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, UNITED GROUND EXPRESS, INC., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorneys' fees or costs, to redress injury done to Plaintiff by the Defendant for discriminatory treatment on the basis of Age and Disability in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), and for retaliation against the Plaintiff in violation of Florida Statutes Section 440.205 ("§ 440.205").

2. Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Monroe County, Florida, and is otherwise *sui juris*. Plaintiff is a covered employee for the purposes of the applicable statutes, the FCRA and § 440.205.

4.  Defendant operates a business in Florida and had a location for its business within Monroe County, Florida. At all times material hereto, Plaintiff was employed by Defendant, performing work for Defendant in Monroe County, Florida.

5.  Defendant was a "person" and/or an "employer" pursuant to the FCRA, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6.  At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA and is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7.  Plaintiff was engaged in an employment relationship with Defendant as defined in Florida Statutes Chapter 440, *et seq.*, as Defendant was a private employer who had four (4) or more employees.

8.  Venue is proper in the Southern District of Florida because all of the actions that form the basis of this Amended Complaint occurred within Monroe County, Florida and payment was due in Monroe County, Florida.

9.  Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's initial charge of employment discrimination, which was signed on March 19, 2021, omitted the "check" from the "disability box" on the form; accordingly, Plaintiff later amended his charge of employment discrimination, signing the amended version on

October 27, 2021, doing so prior to the issuance of a determination and notice of right to sue and checking off the "disability box" on the charge of discrimination.

11. During the relevant period of his employment with Defendant, Plaintiff suffered from one or more mental or physical health conditions and/or was regarded as having suffered from one or more mental or physical health conditions that substantially limited in his ability to perform one or more major life activities and is therefore within a class of persons protected against discrimination in their employment under the applicable statute, the FCRA.

12. More than 180 days have passed since the Plaintiff filed his charge of employment discrimination, as well as his amended charge of employment discrimination, with the above-referenced agencies and Plaintiff has since requested or otherwise obtained the determination and notice of rights to bring suit against Defendant. Plaintiff is now timely filing suit.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

14. The discriminatory and harassing conduct complained of herein was repeat and constant during the relevant period of Plaintiff's employment with Defendant. Plaintiff is making his claims pursuant to the continuing violations doctrine.

15. Plaintiff has retained the undersigned in order that his rights and interests might be protected. Plaintiff has thus become obligated to provide the undersigned counsel with a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff was employed by Defendant at the Key West airport location on or about December 2016, performing the duties of a customer service and ramp associate.

17. Plaintiff's duties while working for Defendant include, but are not limited to, the following: assisting customers and loading and unloading luggage.

18. Plaintiff is a former employee of Defendant who, at all times material hereto, was forty (40) years of age or older and is a member of a class of persons protected against discrimination in their employment under the applicable statute, the FCRA.

19. Specifically, Plaintiff is seventy-five (75) years of age at the time of this filing.

20. On or about August 2019, Christine Long (early 30s) became the station manager at the location where Plaintiff worked.

21. Over the period of time during which Long was Plaintiff's manager, Long subjected Plaintiff to discriminatory and harassing comments related to his age. Long also made similar derogatory comments and displayed discriminatory animus related to age towards other coworkers who, similar to Plaintiff, were forty (40) years of age or older during this relevant period of time.

22. Christine Long made negative, age-related comments towards and around the Plaintiff. Some examples of the negative comments made by Long are as follows: "Old coot;" "You're older, so you should not do that;" "You older people are too set in your ways and not open to change;" "Old people are so hard to train and I can't get them to do what I want;" and "We need to get rid of all these old people." These are only some of the examples of negative, derogatory comments made by Long during the relevant period of Plaintiff's employment.

23. Plaintiff was targeted by Long in other ways that Plaintiff's similarly situated, younger coworkers were not, such as denying him the ability to take breaks, particularly when

assigned to work outside. On information and belief, Plaintiff's similarly situated, younger coworkers were not denied requested breaks during the relevant period of this action.

24. On or about October 2020, Plaintiff was denied a break that he requested from Long and experienced dehydration. As a result of the performance of work and dehydration, Plaintiff suffered a heart arrythmia and was taken to the hospital from work.

25. As a result of suffering a heart arrythmia, Plaintiff was substantially limited in his ability to perform one or more major life activities, including, but not limited to, prolonged physical activity or physical exertion without breaks from such activities and without being provided access to hydration.

26. Long was aware of Plaintiff suffering the cardiac condition and his transportation to the hospital from the workplace.

27. Plaintiff later requested workers' compensation in connection with his heart arrythmia that was brought about from dehydration due to working conditions and being denied requested breaks. Long denied Plaintiff's workers' compensation request.

28. Plaintiff kept Defendant apprised of his condition after leaving work for the hospital in connection with the above incident.

29. Upon Plaintiff's return to work following his heart arrythmia episode, Long had subjected Plaintiff to hostility related to his physical health condition and/or perceived physical health condition.

30. Long did not ask how the Plaintiff was doing or engage in any form of interactive process to determine whether and how Plaintiff could be accommodated following his health-related incident. Instead, Long bombarded the Plaintiff with medical questions unrelated

to assessing his need for accommodation, threatening Plaintiff with termination if he did not respond sufficiently and immediately.

31. On or about January 4, 2021, while Plaintiff was performing his duties for Defendant in the normal course and scope of his employment, Plaintiff had gotten caught on one of the pieces of luggage while placing it on a conveyer belt, causing him to fall and be dragged and injuring his head, legs, right knee, right arm, and right shoulder.

32. As a result of Plaintiff's work-related injury, Plaintiff experienced physical conditions that substantially limited his ability to perform one or more major life activities, including, but not limited to, lifting and carrying heavy objects, bending, standing for long periods, and walking long distances, among others.

33. Plaintiff diligently notified his manager, Long, just after his work-related injury and asked for medical assistance through his workers' compensation benefits.

34. Shortly after Plaintiff brought his work-related injury to his manager's attention, on or about January 8, 2021, Plaintiff was terminated from his employment with Defendant.

35. The supposed reason for Plaintiff's termination was Plaintiff allegedly mislabeling an item at the ticket counter. Plaintiff denies that this error occurred.

36. On information and belief, the type of mistake that Plaintiff is alleged to have committed is one that similarly situated, younger employees below the age of forty (40) have made during the relevant period of this action but did not face termination as a consequence.

37. Plaintiff was terminated by Defendant on account of discrimination due to his age and disability and in retaliation for making claims for or requesting access to workers' compensation benefits during the relevant period of his employment with Defendant.

38. At all times material hereto, Plaintiff was qualified to perform the essential functions of his position with Defendant, with or without the use of a reasonable accommodation.

39. Throughout Plaintiff's employment with Defendant, Plaintiff performed his duties in an exemplary manner, performing at or above satisfactory levels.

40. Any reason proffered by Defendant to justify its conduct is mere pretext for the unlawful employment actions mentioned herein.

**COUNT I**
*Age Discrimination in Violation of the FCRA*

41. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-40 above as if set out in full herein.

42. Plaintiff is a member of a protected class under the FCRA, to wit, Plaintiff is over forty (40) years of age.

43. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

44. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty (40).

45. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

46. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

47. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory

actions.

48. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

49. Defendant's basis for the adverse conduct against Plaintiff, if any, are illegitimate and merely pretextual of unlawful discrimination, asserted only to cloak the discriminatory nature of their conduct.

50. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and federal law.

51. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and done with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to the laws of the State of Florida, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

52. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Disability Discrimination in Violation of the FCRA*

53. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-40 above as if set out in full herein.

54. Plaintiff is a member of a class of persons protected in their employment against discrimination within the meaning of the FCRA, as he is a former employee of Defendant who suffered from and/or was perceived to have suffered from one or more physical or mental health conditions that caused him to experience substantial limitations to his ability to perform one or more major life activities, as related in part above.

55. As a result of Plaintiff's condition(s), Plaintiff experienced substantial limitations to his ability to perform one or more major life activities, as related in part above.

56. At all times material hereto, Plaintiff was qualified for his position with Defendant and could perform the essential functions of his position with or without the use of a reasonable accommodation.

57. Plaintiff was known to have or regarded as having a disability by Defendant and Defendant's managers and/or supervisory personnel, as Plaintiff had been observed suffering an injury and being taken from work to seek medical attention. Defendant, by and through its manager(s) and/or supervisory personnel, was informed or otherwise aware of Plaintiff's health condition(s).

58. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

59. Such discrimination was based upon the Plaintiff's disability and/or perceived disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff had a disability or was regarded as having a disability.

60. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of disability was unlawful but acted in reckless disregard of the law.

61. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

62. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

63. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

64. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and federal law.

65. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State and federal law, to punish the Defendant for its actions and to deter it, and others, from engaging in such action in the future.

66. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of Fla. Stat. § 440.205*

67. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-40 above as if set out in full herein.

68. Plaintiff suffered a work-related injury while performing duties within the course and scope of his employment with Defendant.

69. Plaintiff's work-related injury required medical treatment.

70. Plaintiff reported his injuries to Defendant through one of its agent(s) and/or representative(s).

71. Thereafter, Defendant attempted to coerce, intimidate, or otherwise interfere with Plaintiff's ability to access benefits from his valid workers' compensation claim.

72. Plaintiff complained about the above-mentioned injury and attempted to claim rights to compensation under the Workers' Compensation Laws but was met with interference with his rights to bring a valid workers' compensation claim, as related in part above.

73. Subsequently, Defendant took an adverse employment action against Plaintiff by terminating Plaintiff shortly after his work-related injury.

74. Plaintiff's work prior to the adverse employment action was satisfactory or more than satisfactory and the apparent reason for the adverse employment action was that Plaintiff

sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

75. The motivating factor which caused Plaintiff to suffer an adverse employment action, as described above, was the request and/or attempted request for workers' compensation benefits pursuant to Fla. Stat. §§ 440, *et. seq.* In other words, the Plaintiff would not have suffered the adverse employment action but for suffering a work-related injury for which he was attempting to claim workers' compensation benefits.

76. Defendant's actions towards the Plaintiff were in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

77. By reason of Defendant's wrongful conduct towards the Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress and damages.

78. Defendant's conduct in wrongfully subjecting Plaintiff to an adverse employment action was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against Defendant for all back wages from the date of the adverse employment action to the present date and an equal amount of back wages as liquidated damages; costs; injunctive relief prohibiting Defendant from wrongfully subjecting its employees to adverse employment actions in the manner described above; front wages; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 10, 2023

Respectfully submitted,
*/s/ Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar. No.: 188239
phm@rgpattorneys.com
Corey L. Seldin, Esq.
Fla. Bar No.: 1026565
cseldin@rgpattorneys.com
**REMER, GEORGES-PIERRE & HOOGERWOERD PLLC**
2745 Ponce De Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 416-5000
*Attorneys for Plaintiff*