UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO. 4:23-cv-10005

GERALD FLETCHER,

    Plaintiff,

vs.

UNITED GROUND EXPRESS, INC.

    Defendant.

_____/

## PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

Plaintiff, GERALD FLETCHER, by and through undersigned counsel, hereby moves to remand the action at bar due to the Court lacking jurisdiction for the claims asserted and due to the Defendant failing to assert that the claims raised exceed the threshold for diversity jurisdiction.

**I.**     **Introduction**

Plaintiff has asserted claims for retaliation under the Florida Worker's Compensation Anti-Retaliation statue, section 440.205. Removal of this action is impermissible due to the federal court lacking jurisdiction over this claim. Independently, Defendant has not properly asserted the basis for diversity jurisdiction in the amounts of the claim(s) being presented to this Court.

**II.**     **Argument**

    **A. Plaintiff's Claim for Violation of Florida's Worker's Compensation Act, Fla. Stat. § 440.205 Cannot Be Removed to a District Court of the United States.**

Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *See Reed v. Heil Co.,* 206 F.3d 1055, 1057 (11th Cir.2000). In *Reed,* the plaintiff brought a state court action alleging violations of Alabama's statute barring retaliation for filing workers'

compensation claims, and violations of the Americans With Disabilities Act, 28 U.S.C. §§ 12101-12213, ("ADA"), and breach of contract. *Id.* at 1056-57. The *Reed* defendant removed the case to federal court "on the basis of subject matter jurisdiction over the ADA claim and possibly diversity of citizenship as well." *Id.* at 1058. The court in *Reed* found that the plaintiff's claim brought pursuant to Alabama's statute barring retaliation for the filing of workers' compensation claims arose under the state's workers' compensation laws, and that therefore the district court lacked jurisdiction to entertain the plaintiff's retaliatory discharge claim because it fell within the ambit of 28 U.S.C. § 1445(c). Although the Eleventh Circuit does not appear to have squarely addressed the issue of whether a district court may exercise supplemental jurisdiction over workers' compensation claims where jurisdiction is based on federal question jurisdiction, the *Reed* court's finding that the plaintiff's retaliation claim must be remanded pursuant to § 1445(c) implies that the Eleventh Circuit is in line with the Fifth Circuit and the Eighth Circuit, which have held that § 1445(c) precludes removal of state workers' compensation claims regardless of whether jurisdiction is based on diversity or federal question jurisdiction. *See Sherrod v. Am. Airlines, Inc.,* 132 F.3d 1112, 1118 (5th Cir.1998) (finding that "[a] plain reading of § 1445(c) prohibits the removal of any state worker's compensation claims," and holding "that § 1445(c) prohibits removal of state worker's compensation claims regardless of whether jurisdiction is based on diversity or federal question," precluding a district court from exercising supplemental jurisdiction over state worker's compensation claims when joined with a federal question); *Humphrey v. Sequentia, Inc.,* 58 F.3d 1238 (8th Cir.1995) (same). Thus, the Court finds that Plaintiff's retaliation claim for violation of Florida Statutes § 440.205 is not removable to this Court, and must be remanded. *See Ayes v. H & R of Belle Glade, Inc.*, 2008 WL 1840714 (Not Reported in F.Supp.2d) (2008); *see also Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 WL 570078

(Not Reported in F.Supp.2d) (2007).  In the cause of action at bar, Plaintiff has alleged claims for which the federal court does not have any jurisdiction. (D.E. 1-4).

> **B. Defendant Has Not Provided Evidence of the Claims Exceeding the Jurisdictional Requisite for Diversity Jurisdiction.**

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the jurisdictional limit]." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). Further, "[w]hen the complaint does not claim a specific amount of damages ... [and] the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001).

In the action at bar, Plaintiff has suggested in his Civil Cover Sheet damages not exceeding $50,000.  (D.E. 1-3).  While Plaintiff is not bound by this amount, it is the removing party's burden to prove diversity jurisdiction. Further, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  Defendant's declaration does nothing to support its allegations that this action should be removed. (D.E. 1-4). Therefore, for the foregoing reasons, this action should be remanded to state court where it commenced.

WHEREFORE, Plaintiff, GERALD FLETCHER, moves the Court for entry of an order remanding this action to state court and for any other relief deemed just and proper under the circumstances.

Respectfully submitted this February 21, 2023.

By: /s/ Peter M. Hoogerwoerd
Peter Michael Hoogerwoerd, Esquire
Florida Bar Number 188239
E-mail: pmh@rgpattorneys.com
Corey Logan Seldin, Esquire
Email: cseldin@rgpattorneys.com
Florida Bar Number 1026565
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
